# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **TERESA JOSEPH**, on behalf of herself and those similarly situated, | * |
| | * Case No. 1:22-cv-1631 |
| Plaintiff, | |
| | * Judge |
| v. | |
| | * Magistrate Judge |
| **MAJESTIC CARE STAFF LLC**, | |
| c/o C T Corporation System | * **JURY DEMAND ENDORSED HEREON** |
| 334 North Senate Ave. | |
| Indianapolis, IN 46204, | * **Class Action Complaint** |
| | |
| -and- | * **FLSA Collective Action Complaint** |
| | |
| **MAJESTIC CARE STAFF HOLDINGS LLC**, | * |
| c/o C T Corporation System | * |
| 334 North Senate Ave. | |
| Indianapolis, IN 46204, | * |
| | |
| Defendants. | * |
| | * |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE INDIANA WAGE PAYMENT STATUTE**

Now comes Named Plaintiff Teresa Joseph ("Named Plaintiff"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her Complaint against Defendants Majestic Care Staff LLC and Majestic Care Staff Holdings LLC (collectively "Majestic Care" or "Defendants") for their failure to pay employees wages and overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and the Indiana Wage Payment Statute, I.C. 22-2-5 ("Indiana Wage Payment Statute" or "IWPS"). Specifically, Defendants have a policy and practice whereby

they apply a meal break deduction to compensable hours worked even when Named Plaintiff and other similarly situated healthcare employees were unable to take a full, uninterrupted bona fide meal period. Additionally, Defendants maintain a policy and practice of providing additional renumeration in the form of nondiscretionary bonuses to Named Plaintiff and other similarly situated healthcare employees while failing to include this renumeration in regular rate of pay calculations. These policies and practices resulted in unpaid wages and unpaid overtime in violation of the FLSA and IWPS.

Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the class action claims arise under the Indiana Wage Payment Statute, I.C. §§ 22-2-5, *et seq.*, and are asserted as a class action under Federal Rule of Civil Procedure 23. The following collective and class action allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

I. **JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Indiana over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Southern District of Indiana,

Defendants have their principal place of business in the Southern District of Indiana, and/or they otherwise conducted substantial business in the Southern District of Indiana.

## II.     PARTIES

### A.     Plaintiffs

#### Named Plaintiff Joseph

4.      Named Plaintiff is an individual and a United States citizen who worked for Defendants at their West Allen and Avon facilities located, respectively, at 6050 South 800 E-92, Fort Wayne, Indiana 46814 and 445 South County Road 525 E., Avon, Indiana 46123.

5.      During Named Plaintiff's employment, she worked as a Certified Nursing Assistant ("CNA") from approximately March 2020 until her voluntary resignation around approximately March 2021.

6.      During all times relevant when she worked for Defendants, Named Plaintiff was a non-exempt employee paid on an hourly basis. As a result, she was an "employee" of Defendants as defined in the FLSA and Indiana Wage Payment Statute.

7.      Named Plaintiff brings this action on behalf of herself and on behalf of those similarly situated and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). Consent to be Party Plaintiff, attached as **Exhibit A**.

#### Opt-In Plaintiffs

8.      In addition to Named Plaintiff, numerous individuals from different facilities owned, operated, and managed by Defendants have signed consent forms to join this case. These individuals include Kelly Gilmartin, Shana Redd, Lisa Pearson, Carol Spano, and Trivodka Lundy

(collectively the "Current Opt-In Plaintiffs"). Named Plaintiff also files these completed Consent to Join forms for the Current Opt-In Plaintiffs with this Complaint. **Exhibit B.**

  B. **Defendants**

  9. Defendant Majestic Care Staff LLC is a domestic limited liability company with its principal place of business located at 777 E. Main Street, Suite 210, Westfield, Indiana 46074. It was formed in 2020 under the laws of Indiana and is authorized to conduct business (and did/does conduct business) in the State of Indiana during all times relevant.

  10. Defendant Majestic Care Staff Holdings LLC is a domestic limited liability company with its principal place of business located at 777 E. Main Street, Suite 210, Westfield, Indiana 46074.  It was formed in 2020 under the laws of Indiana and is authorized to conduct business (and did/does conduct business) in the State of Indiana during all times relevant.

  11. Defendants provide community-based skilled nursing throughout the states of Indiana, Michigan, and Ohio, specializing in clinical services such as short-term rehabilitation, long-term care, and memory care.[1]

  12. Defendants own and operate approximately twenty (20) facilities in the State of Indiana[2] and four (4) locations in the State of Michigan.[3]

  13. Defendants are and have been doing business in this judicial district.

  14. At all times relevant, Defendants have been an "employer" as that term is defined by the FLSA and the Indiana Wage Payment Statute.

---

[1] *See About Us*, MAJESTIC CARE, https://www.majesticcare.com/about-us/ (last visited August 15, 2022).
[2] Defendants have facilities in Avon, Indiana; Carmel, Indiana; Connersville, Indiana; Crown Point, Indiana; Fort Wayne, Indiana; Goshen, Indiana; Indianapolis, Indiana; Lafayette, Indiana; McCordsville, Indiana; New Haven, Indiana; Newburgh, Indiana; North Vernon, Indiana; Sheridan, Indiana; South Bend, Indiana; and Terra Haute, Indiana.
[3] Defendants have facilities in: Battle Creek, Michigan; Flushing, Michigan (two locations); and Livonia, Michigan.

15. During relevant times, Defendants maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including through the promulgation and enforcement of policies affecting the payment of wages and overtime.

16. During all times relevant, Defendants have benefitted from the work performed by Named Plaintiff and those similarly situated.

17. Upon information and belief, Defendants operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce, or they have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level) during each of the three (3) years prior to filing this Complaint up through and including the present year.

### III.  FACTS

18. Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees are current or former non-exempt hourly healthcare employees of Defendants.

19. Defendants suffered or permitted Named Plaintiff, Current Opt-In Plaintiffs, and others similarly situated to work more than forty (40) hours in one or more workweek(s), entitling them to overtime compensation under the FLSA.

20. During their employment with Defendants, Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees were not fully and properly paid in accordance with the minimum requirements of the FLSA for all of their compensable hours worked due to Defendants' companywide policies and/or practices. Additionally, during their employment with Defendants, Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees

were not fully and properly paid in accordance with the requirements of the Indiana Wage Payment Statute (to be paid wages "in full" and "on time") for all of their compensable hours worked due to Defendants' companywide policies and/or practices.

### A.  Unpaid Overtime Due to Meal Break Deduction Policy and/or Practice

21. During their employment with Defendants, Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees were not fully and properly paid for all overtime wages because Defendants required a meal break deduction from their compensable hours worked even when Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees were unable to take a full, uninterrupted bona fide meal period.

22. Specifically, Defendants required the deduction of a meal break from the compensable hours worked by Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees.

23. Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees were generally required to clock in and out for meal breaks. However, their meal breaks were regularly interrupted by work even when they were clocked out for such meal breaks. Moreover, if Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees did not clock out for a meal break, Defendants still deducted a meal break from their time.

24. Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees were often unable to take a meal break, took a shortened meal break, or had their meal break interrupted with job duties.

25. Defendants' facilities were regularly understaffed, and Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees were too busy with work to regularly take a full, uninterrupted bona fide meal break.

26. Defendants did not maintain a legitimate policy and/or practice that allowed Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees to report a missed meal break to Defendants to override the meal break deduction.

27. Consequently, a meal break was deducted from healthcare employees' hours worked regardless of whether Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees actually received an uninterrupted bona fide meal break.

28. Further, Defendants did not compensate Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees for short breaks of twenty (20) minutes or fewer in duration.

29. As 29 C.F.R. § 785.18 outlines, "rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry," "must be counted as hours worked," and "may not be offset against other working time." 29 C.F.R. § 785.18.

30. Defendants did not compensate Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees for short rest breaks of twenty (20) minutes or fewer regardless of the reason for the break. At all times, Defendants required Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees to clock out for short rest breaks.

31. As a result, during one or more workweek(s) when Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees were required to clock out for breaks of nineteen (20) minutes or fewer in duration, they should have been paid for that time. *See* 29 C.F.R. § 785.18.

### B. Unpaid Overtime Due to Incorrect Regular Rate Calculation

32. Defendants pay Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

33. In addition to the Base Hourly Wage, Defendants pay their healthcare employees additional forms of remuneration that should have been included in the calculation of employees' regular rates of pay for overtime compensation. These additional forms of remuneration include but are not limited to incentive hazard pay (referred to as "Covid Pay") and nondiscretionary bonuses for working extra hours, working shifts for which the employee was not scheduled to work, and/or working on evenings and/or weekends (hereinafter hazard pay and other nondiscretionary bonuses will collectively be referred to as "Additional Remuneration"). *See* 29 C.F.R. §§ 778.207(b), 778.211(c).

34. Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees were contacted and promised that if they worked evenings, weekends, and/or picked up shifts or hours that they were not previously scheduled to work, then they would receive a bonus payment or shift differential in an already predetermined amount to induce them to work the extra hours and/or shifts. Shift pickup bonuses are required to be included in Defendants' employees' regular-rate-of-pay calculations according to United States Department of Labor Fact Sheet #54.[4]

35. In addition, Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees received incentive payments in the form of hazard pay, which Defendants referred to as "Covid Pay."

36. During the last three (3) years preceding the filing of this Complaint, Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees regularly received their

---

[4] See section entitled ***Example: Supplementary Shift Bonus*** (last visited August 15, 2022).

Base Hourly Wage and Additional Remuneration, as described above, in various workweeks when they worked in excess of forty (40) hours.

37. When Defendants paid Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendants failed to properly calculate their employees' regular rates of pay for the purposes of overtime pay because Defendants did not include the Additional Remuneration in employees' regular rate calculations. Consequently, Defendants failed to properly compensate Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

38. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws.

39. During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein.

40. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages or they otherwise failed to maintain such documents and information.

41. For the three (3) years preceding the filing of this Complaint, Defendants applied the same pay policies and practices to all similarly situated hourly, non-exempt healthcare employees, including Named Plaintiff and Current Opt-In Plaintiffs.

42. Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and/or practices described herein.

43. Defendants knew or should have been aware that Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees had a meal break deduction applied to their daily hours worked even when they were unable to take a meal break, took a shortened meal break, and/or had their meal break interrupted with job duties.

44. Further, Defendants knew or should have been aware that Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their correct regular rates of pay, as that phrase is defined under the FLSA, but Defendants willfully elected not to fully compensate their employees during all times relevant.

45. As a result of Defendants' aforementioned meal break deduction policy and/or practice, Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees were not paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked in excess of forty (40) in a workweek.

    **C.**    **Unpaid Wages Under the Indiana Wage Payment Statute**

46. With respect to workweeks when Named Plaintiff and others similarly situated worked fewer than forty (40) hours in one or more workweek(s), coupled with those workweeks when Named Plaintiff and others similarly situated worked more than forty (40) hours in one or more workweek(s), Defendants failed to pay Named Plaintiff and others similarly situated for all "wages"[5] in violation of the IWPS due to Defendants' meal break policy and/or practice described herein (including Defendant's policy and practice of not paying for recorded breaks that lasted twenty (20) minutes or less).

---

[5] "Wages" means all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission, basis, or in any other method of calculating such amount. *See* I.C. § 22-2-9-1(b).

47. As such, Named Plaintiff and others similarly situated should have been compensated for such work time, including time worked during meal breaks when they were unable to take a meal break, had their meal break shortened, or otherwise had their meal break interrupted with job duties.

## IV. COLLECTIVE ACTION ALLEGATIONS

48. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt employees of Defendants, excluding those employees who worked solely in the State of Ohio, who were paid for 40 or more hours in any workweek and (i) had a meal deduction taken from their compensable hours worked; (ii) received Additional Remuneration;[6] and/or (iii) had unpaid short rest breaks of 20 minutes or fewer during the last 3 years prior to the filing of this Complaint and continuing through final disposition of this case (hereinafter the "FLSA Collective" or "Putative FLSA Collective Members").**

49. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

50. In addition to Named Plaintiff and Current Opt-In Plaintiffs, the Putative FLSA Collective Members have been denied proper overtime compensation due to companywide unlawful payroll policies and practices described herein. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members overtime compensation at a rate of at least one-and-one-half

---

[6] "Additional Remuneration" refers to compensation received in addition to the Base Hourly Wage, including but not limited to shift differential pay, shift pickup bonuses, hazard pay (i.e., "Covid Pay"), and other non-discretionary bonuses.

times (1.5x) their regular rates of pay, as that phrase is defined under the FLSA, for all overtime hours worked. Named Plaintiff is representative of Current Opt-In Plaintiffs and those other similarly situated employees and are acting on behalf of their interests as well as her own in bringing this action.

51. The identities of the Putative FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

52. The net effect of Defendants' policies and/or practices is that Defendants willfully failed to fully and properly pay Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members their overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members.

### V. RULE 23 ALLEGATIONS

53. Named Plaintiff brings her Indiana Wage Payment Statute claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of herself and other current and former healthcare employees of Defendants who were similarly denied payment of wages. All of the individuals defined below are common victims of Defendants' unlawful meal break policy and/or practice and incorrect regular rate of pay calculations.

54. In addition, during other workweeks when Named Plaintiff, Current Opt-In Plaintiffs, and similarly situated healthcare employees were clocked out for various amounts of

time or otherwise had a meal break deduction applied to their compensable daily hours worked as alleged above, they are owed unpaid wages for such "gap time."

55. Named Plaintiff, pursuant to Rule 23, will serve as a class representative on behalf of herself and all other similarly situated of the following class, consisting of:

> **All current and former hourly, non-exempt employees of Defendants in Indiana who were not paid all wages in full and on time and (i) had a meal deduction taken from their compensable hours worked; and/or (ii) had unpaid short rest breaks of 20 minutes or fewer during the last two (2) years prior to the filing date of this Complaint and continuing through final disposition of this case (hereinafter the "Rule 23 Class" or "Rule 23 Class Members").**

56. During relevant times, Named Plaintiff and the Rule 23 Class Members[7] were not paid all wages in full and on time for all hours worked because of Defendants' policies and/or practices described herein.

57. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff will pursue discovery to obtain the names of the other current and former healthcare employees of Defendants to provide notice of the class action and to offer an opt-out opportunity.

58. Named Plaintiff is a member of the Rule 23 Class, whose claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

59. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

60. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class whom she has undertaken to represent.

---

[7] This term includes all Current Opt-In Plaintiffs who worked in Indiana.

61. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

62. Questions of law and fact are common to the Rule 23 Class.

63. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

64. Class certification is appropriate under Rule 23(b)(2), as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

65. Class certification is appropriate under Rule 23(b)(3), as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

66. Questions of law and fact that are common to the Rule 23 Class include but are not limited to: (a) whether Defendants violated the Indiana Wage Payment Statute by failing to pay the Rule 23 Class for hours worked in excess of forty (40) per workweek because of Defendants' meal break deductions and/or incorrect regular rate of pay calculations; (b) whether Defendants violated the Indiana Wage Payment Statute by failing to pay the Rule 23 Class Members for meal breaks or short rest breaks when such breaks would constitute gap time during workdays for which they should have been compensated due to performing job duties for Defendants' benefit; (c) whether Defendants' violations of the Indiana Wage Payment Statute were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime, is due to Named Plaintiff and other members of the Rule 23 Class on account of Defendants' violations of the

Indiana Wage Payment Statute; and (e) what amount of prejudgment interest is due to Rule 23 Class members for overtime or other compensation that was withheld or not paid to them.

67. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Indiana litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I
### FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME

68. All of the preceding paragraphs are realleged as if fully rewritten herein.

69. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members.

70. During the relevant time period preceding this Complaint, Defendants employed Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members.

71. Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members were paid on an hourly basis and were employed in non-exempt positions during the relevant time period.

72. Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members worked in excess of 40 hours in one or more workweek(s) during their employment.

73. The FLSA requires that covered employees be compensated for every hour worked in a workweek. 29 U.S.C. § 206(b).

74. The FLSA requires that non-exempt employees receive overtime compensation of one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

75. Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members were not exempt from receiving FLSA overtime compensation.

76. Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members worked in excess of forty hours during one or more workweek(s) within the relevant time period described herein.

77. Defendants violated the FLSA with respect to Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members by, *inter alia*, failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in one or more workweek(s) as outlined above.

78. Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members should have been paid overtime for all hours worked in excess of forty (40) hours per workweek during the three (3) years prior to the filing of this Complaint.

79. Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members should have been paid for all overtime hours worked during the three (3) years prior to the filing of this Complaint.

80. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants willfully withheld and failed to pay all overtime compensation to which

Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members are entitled.

81. The exact total amount of overtime compensation that Defendants failed to pay Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendants' possession or were not otherwise kept by Defendants.

82. As a direct and proximate result of Defendants' conduct, Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself, Current Opt-In Plaintiffs, and the Putative FLSA Collective Members.

## COUNT II
### (I.C. § 22-2-5-2 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

83. All of the preceding paragraphs are realleged as if fully rewritten herein.

84. Named Plaintiff, Current Opt-In Plaintiffs, and the Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the Indiana Wage Payment Statute.

85. By way of this claim, Named Plaintiff is seeking, individually and on behalf of Current Opt-In Plaintiffs and the Rule 23 Class Members who worked at any of Defendants' facilities in Indiana, all available damages, including all unpaid wages, all available liquidated damages (i.e., double or 200% damages), attorneys' fees, costs, and expenses prosecuting the litigation, plus any other damage to which Named Plaintiff, Current Opt-In Plaintiffs, and the Rule 23 Class Members may be entitled to pursuant to applicable law.

86. Defendants' failure to pay Named Plaintiff, Current Opt-In Plaintiffs, and the Rule 23 Class Members their wages in full constitutes bad faith. Defendants can certainly not claim that they were acting in good faith when they implemented a companywide policy of applying a daily meal deduction to their healthcare employees when they were unable to take a full meal break, took a shortened meal break, or had their meal break interrupted with job duties.

87. As an Indiana employer, Defendants are liable for payment of unpaid wages, liquidated damages, attorney's fees and costs under the Indiana Wage Payment Statute owed to Named Plaintiff, Current Opt-In Plaintiffs, and the Rule 23 Class Members regardless of where Named Plaintiff and/or each member of the class physically worked.[8]

88. This Court is the appropriate venue for this cause of action as Defendants are Indiana domestic limited liability companies and they are headquartered and reside in Westfield, Hamilton County, Indiana.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, as to all counts, Named Plaintiff prays for an Order against Defendants as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Putative FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

---

[8] *See* Huff v. Biomet, Inc., 654 N.E.2d 830, 834–35 (Ind. Ct. App. 1995), abrogated on other grounds by St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele, 766 N.E.2d 699 (Ind. 2002) ("The Wage Payment Statute does not impose any restriction on the employee but instead the plain language of the statute dictates that the applicability of the Wage Payment Statute rests solely upon whether the employer is doing business in Indiana. *See* I.C. 22–2–5–1(a). Because Biomet was a corporation doing business in Indiana, we determine that it was subject to the Wage Payment Statute.").

C. Awarding judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

D. Awarding judgment against Defendants for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff, Current Opt-In Plaintiffs, and the Putative FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

E. Directing Defendants to pay reasonable attorneys' fees and all costs connected with this action;

F. Granting leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G. Awarding judgment for all civil penalties to which Named Plaintiff, Current Opt-In Plaintiffs, the Putative FLSA Collective, and the Rule 23 Class may be entitled; and

H. Certifying the proposed Rule 23 Class under the Indiana Wage Payment Statute;

I. Awarding to Named Plaintiff, Current Opt-In Plaintiffs, and the Rule 23 Class Members all damages available under the Indiana Wage Payment Statute, including all unpaid wages, liquidated damages, attorneys' fees, costs, and expenses;

J. Awarding prejudgment and post-judgment interest;

K. Awarding Named Plaintiff, Current Opt-In Plaintiffs, the Putative FLSA Collective, and the Rule 23 Class Members such other and further relief as the Court deems necessary, just, or proper.

Respectfully submitted,

**HASSLER KONDRAS MILLER LLP**

By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
Email: kondras@hkmlawfirm.com

**COFFMAN LEGAL, LLC**

/s/ Matthew J.P. Coffman
Matthew J.P. Coffman (0085586)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

### JURY DEMAND

Named Plaintiff, by counsel, requests a trial by jury on all eligible claims and issues.

/s/ Robert P. Kondras, Jr.
Robert P. Kondras, Jr.